UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILBER GLENN HOLLAND, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01058-LDG-GWF |
| vs. | ) **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
| Defendant. | ) |

This matter comes before the Court on Defendant State Farm's ("Defendant") Memorandum of Fees (#31), filed on May 13, 2013. Plaintiff filed a Response (#38) on May 19, 2013. Defendant filed a Reply (#41) on May 28, 2013.

## BACKGROUND

Defendant filed a Motion (#20) to strike Plaintiff's tardy expert witness disclosures on March 28, 2013. Plaintiff filed a Counter-motion (#23) for leave to designate his expert witnesses on April 14, 2013. The Court conducted a hearing on the Motion (#20) and Counter-motion (#23) on May 2, 2013. *See Minutes of Proceedings*, *Doc. #27.* The Court subsequently denied Defendant's Motion (#20) and granted Plaintiff's Counter-motion (#23). However, for the reasons stated on the record at the hearing, the Court awarded Defendant its reasonable attorneys' fees for bringing its Motion to Strike (#20). Defendant subsequently filed the instant Memorandum of Fees.

## DISCUSSION

Reasonable attorneys' fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill,

experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

     Defendant's Memorandum initially provided only block billing, which was one of the chief bases of Plaintiff's Response (#38). Defendant did provide a redacted itemized bill in its Reply (#41), however, which the Court finds sufficient for purposes of review. Defendant billed a total of 20.6 hours at a rate of $195.00 for preparing its Motion (#20) for two partners, Riley Clayton, Esq. and James Harper, Esq. The Court finds that Defendant's counsel's rate is commensurate with their skill, experience, and reputation. Mr. Clayton represents that Mr. Harper spent 7.1 hours researching and drafting the original Motion (#20), 0.3 hours reviewing Plaintiff's Opposition (#22) and Counter-motion (#23), and 7.4 hours researching and drafting the Opposition (#26) to the Counter-motion (#23). Mr. Harper and Mr. Clayton also billed a total of 4.9 hours for preparing for and attending the hearing, and 0.9 hours for meet-and-confer efforts. The Court will only award fees associated with the preparation of Defendant's Motion (#20), however, and will exclude the meet-and-confer time. Similarly, the Court will award 1 hour for Mr. Clayton's appearance at the May 2, 2013 hearing. Accordingly,

...

...

...

**IT IS HEREBY ORDERED** that Plaintiff shall pay Defendant's attorneys' fees in the amount of $2,886.00 within 14 days of the date of this Order.

DATED this 31st day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge