1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7
8 WILBER GLENN HOLLAND,                    )
                                          )
9              Plaintiff,                 )     Case No.  2:12-cv-01058-LDG-GWF
                                          )
10 vs.                                     )     **ORDER**
                                          )
11 STATE FARM MUTUAL AUTOMOBILE            )     Motion to Compel (#32)
   INSURANCE COMPANY,                      )
12                                         )
               Defendant.                 )
13 _____)

14          This matter comes before the Court on Plaintiff's Motion to Compel (#32), filed on May 14,

15 2013.  Defendant filed a Response (#36) on May 16, 2013.  Plaintiff filed a Supplemental Exhibit

16 (#37) to his Motion (#32) on May 17, 2013.  The Court conducted a hearing on the Motion on May

17 17, 2013.  *See Minutes of Proceedings, Doc. #39.*  At the hearing, the Court ordered Defendant to

18 submit the disputed documents for *in camera* review.  On or about May 29, 2013, Defendant

19 submitted the documents for *in camera* review.

20                        **BACKGROUND AND DISCUSSION**

21          This is a bad faith action seeking under-insured motorist benefits.  Plaintiff is insured by

22 Defendant State Farm Mutual Automobile Insurance ("Defendant"), and the alleged tortfeasor in

23 the underlying bodily injury action was insured by State Farm Fire and Casualty ("State Farm

24 Fire").  Defendant represents that after a dispute over whether discovery would be extended in this

25 case, Defendant noticed the depositions of the tortfeasor and three witnesses ("the witnesses") to

26 occur on May 22, 2013, less than a month after the notice.

27          At issue now is the claim file from the underlying bodily injury action ("BI file") that,

28 because Plaintiff's and the tortfeasor's insurance are related entities, Defendant's adjuster was able

1   to access.  Plaintiff seeks to compel production of the BI file before the witnesses' depositions,

2   believing Defendant may have reviewed all or portions of it in anticipation of the depositions.

3   Plaintiff submitted excerpts from his deposition of Defendant's adjuster that indicate she had

4   access to portions of the BI file.  *See Doc. #32, Exh. 10; see also Doc. #37*.  Defendant responds

5   that internal State Farm guidelines preclude unbridled access to third-party files, and that

6   Defendant's adjuster could only have accessed the BI file if she had "business necessity."  The

7   submitted deposition transcripts suggest Defendant's adjuster accessed the BI file to review the

8   underlying police report*, Doc. #32, Exh. 10* at 132, the property damage estimate for the tortfeasor

9   vehicle*, Doc. #37* at 8, and pictures from the crash, *id.*  Plaintiff also seeks to compel the deposition

10  of State Farm Fire's adjuster in the underlying bodily injury action.  Defendant has provided the BI

11  file to the Court, which has reviewed it *in camera*.

12      Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain

13  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  For

14  good cause, the court may broaden the scope of discovery to any matter relevant to the subject

15  matter involved in the action.  Relevant information need not be admissible at trial if the discovery

16  appears reasonably calculated to lead to the discovery of admissible evidence.  Relevancy under

17  Rule 26(b)(1) is liberally construed.  *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428,

18  431–32 (D.Nev. 2006).  Indeed, Rule 26 encompasses "any matter that bears on, or that reasonably

19  could lead to other matters that could bear on, any issue that is or may be in the case.*"*

20  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Discovery is not limited to the

21  issues raised only in the pleadings, but rather it is designed to define and clarify the issues.  *See id.*

22  at 351.

23      The Court conducted an *in camera* review of the BI file to verify whether it includes any

24  recorded witness statements, log notes that indicate the existence of recorded statements, or any of

25  the other categories of documents and notes the Court identified as potentially discoverable at the

26  May 17, 2013 hearing.  Having reviewed the BI file, the Court finds that none of the material is

27  properly discoverable in this action.  The Court reiterates, however, that any documents within the

28  BI file that Defendant's adjuster reviewed shall be produced.  Finally, for the reasons stated on the

2

1    record, the Court will not compel the deposition of State Farm Fire's adjuster, Michelle Maglione.

2    Accordingly,

3           **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#32) is **granted** in part

4    and **denied** in part as follows:

5           (1) To the extent that such documents have not already been produced, Defendant shall

6    produce the police report for the underlying bodily injury claim, the property damage estimates of

7    the tortfeasor's vehicle, and any photographs or other documents from within the BI file reviewed

8    by Defendant's adjuster.

9           DATED this 8th day of November, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge