# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILBER GLENN HOLLAND, | |
| Plaintiff, | Case No. 2:12-cv-01058-LDG-GWF |
| vs. | **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | Motion to Compel (#32) |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to Compel (#32), filed on May 14, 2013. Defendant filed a Response (#36) on May 16, 2013. Plaintiff filed a Supplemental Exhibit (#37) to his Motion (#32) on May 17, 2013. The Court conducted a hearing on the Motion on May 17, 2013. *See Minutes of Proceedings, Doc. #39*. At the hearing, the Court ordered Defendant to submit the disputed documents for *in camera* review. On or about May 29, 2013, Defendant submitted the documents for *in camera* review.

## BACKGROUND AND DISCUSSION

This is a bad faith action seeking under-insured motorist benefits. Plaintiff is insured by Defendant State Farm Mutual Automobile Insurance ("Defendant"), and the alleged tortfeasor in the underlying bodily injury action was insured by State Farm Fire and Casualty ("State Farm Fire"). Defendant represents that after a dispute over whether discovery would be extended in this case, Defendant noticed the depositions of the tortfeasor and three witnesses ("the witnesses") to occur on May 22, 2013, less than a month after the notice.

At issue now is the claim file from the underlying bodily injury action ("BI file") that, because Plaintiff's and the tortfeasor's insurance are related entities, Defendant's adjuster was able

to access. Plaintiff seeks to compel production of the BI file before the witnesses' depositions, believing Defendant may have reviewed all or portions of it in anticipation of the depositions. Plaintiff submitted excerpts from his deposition of Defendant's adjuster that indicate she had access to portions of the BI file. *See Doc. #32, Exh. 10; see also Doc. #37.* Defendant responds that internal State Farm guidelines preclude unbridled access to third-party files, and that Defendant's adjuster could only have accessed the BI file if she had "business necessity." The submitted deposition transcripts suggest Defendant's adjuster accessed the BI file to review the underlying police report, *Doc. #32, Exh. 10* at 132, the property damage estimate for the tortfeasor vehicle, *Doc. #37* at 8, and pictures from the crash, *id.* Plaintiff also seeks to compel the deposition of State Farm Fire's adjuster in the underlying bodily injury action. Defendant has provided the BI file to the Court, which has reviewed it *in camera*.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. For good cause, the court may broaden the scope of discovery to any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Relevancy under Rule 26(b)(1) is liberally construed. *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431–32 (D.Nev. 2006). Indeed, Rule 26 encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.*"* *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *See id.* at 351.

The Court conducted an *in camera* review of the BI file to verify whether it includes any recorded witness statements, log notes that indicate the existence of recorded statements, or any of the other categories of documents and notes the Court identified as potentially discoverable at the May 17, 2013 hearing. Having reviewed the BI file, the Court finds that none of the material is properly discoverable in this action. The Court reiterates, however, that any documents within the BI file that Defendant's adjuster reviewed shall be produced. Finally, for the reasons stated on the

record, the Court will not compel the deposition of State Farm Fire's adjuster, Michelle Maglione. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#32) is **granted** in part and **denied** in part as follows:

(1) To the extent that such documents have not already been produced, Defendant shall produce the police report for the underlying bodily injury claim, the property damage estimates of the tortfeasor's vehicle, and any photographs or other documents from within the BI file reviewed by Defendant's adjuster.

DATED this 8th day of November, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge